Christopher C. McGrath, S.
The petitioner herein, the beneficiary of a trust created out of the residuary estate, asserts that he is entitled to all of the income earned by the estate from the date of the death of the testatrix pursuant to section 17-b of the Personal Property Law.
The pertinent portions of the will of the testatrix dated July 18, 1957, are as follows: “fourth: All the rest, residue and remainder of my estate, * * * shall be disposed of in the manner indicated below * * * (b) Of that part of my residuary estate which exceeds the amount of ten thousand dollars ($10,000.00), I give, devise and bequeath one half (%) to allan frenkel of New York City, and the other half to mrs. till Goldschmidt, nee Rosenthal, of Los Angeles (California), it being provided however that no such half share shall exceed the amount of three thousand dollars ($3,000.00) and furthermore, provided that the share of any such beneficiary who predeceases me shall lapse, (c) The remainder of my residuary estate, I hereby give, devise and bequeath to my executor, hereinafter named, in trust nevertheless, for the following uses and purposes: * * * (2) To pay the net income from such trust fund, in half-yearly installments to Robert denier denhof aforementioned, for the term of his natural life.”
The executor and the special guardian contend that the income should be pro-rated among the petitioner and the other legatees named in clause “ (b).”
Section 17-b of the Personal Property Law reads in part as follows: “ Unless otherwise expressly provided by the will of a person dying after this act takes effect, all income from real and personal property earned during the period of administra *1033 tion of the estate of such testator and not payable to others or otherwise disposed of by the will shall be distributed pro rata as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate.”
The legacies in clause “ (b) ” are general legacies notwithstanding the fact that a disposition is made in what would nominally be the residuary clause. They are specifically separated from the residue and do not constitute a part thereof. The true residuary estate consists of the trust created in clause “ (c) ” (Matter of Schuette, 11 Misc 2d 212, and the cases cited on page 215 in support of the “true residuary doctrine,” affd. 6 AD 2d 1031).
It must further be observed that section 17-b applies only “Unless otherwise expressly provided by the will.” By the express language of this will the legatees in clause “ (b) ” are not to receive more than the specific sums bequeathed. Hence payment of any additional funds to those legatees would be in direct conflict with the clearly expressed intention of the testatrix.
Accordingly, the application of the petitioner is granted.